UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
GulfSouth Private Bank

    Plaintiff

v.                                       Case No. 3:16-cv-00169-MCR-EMT

RODERICK M. WRIGHT, ET AL.

    Defendants
_____/

## **ORDER**

Pending before the court is Plaintiff Federal Deposit Insurance Corporation's ("FDIC") unopposed motion for partial summary judgment against Defendant Joseph Story ("Story") on Count II of the Complaint.[1] ECF No. 16. In his response, Story states that "the plaintiff is entitled to the judgment which it seeks." ECF No 24. Having reviewed the motion, the court agrees in part.

**I.**    **FACTUAL BACKGROUND**

On June 17, 2009, William L. Amos, III ("Amos") executed a Multipurpose Note and Security Agreement ("Note"), Loan number 201000084, in favor of GulfSouth Private Bank ("GulfSouth") for a principle sum of two hundred thousand

---

[1] Also pending before the court is FDIC's motion for partial summary judgment against Defendant Steve Bunyard on Count III of the Complaint, ECF No. 37, which will be addressed in a future order.

dollars ($200,000) and a fixed, simple interest rate of six percent (6%). On June 30, 2009, Story executed a Continuing Guaranty for the Note ("Story Guaranty"), under which Story "guarantee[d] the prompt and full payment and performance and promises to pay all of [Amos's] present and future, joint and/or several, direct and indirect, absolute and contingent, express and implied, indebtedness, liabilities, obligations, and covenants (cumulatively 'indebtedness') to lender." ECF No. 1 at 28. On November 7, 2009, Amos failed to make a timely payment on the Note.

After determining that GulfSouth was imminently insolvent as defined by Florida Statute § 655.005(1)(o), on October 19, 2012, the State of Florida Office of Financial Regulation appointed the FDIC as Receiver of GulfSouth pursuant to Florida Statutes §§ 658.79 and 658.80. As Receiver of GulfSouth, FDIC is empowered to bring suit as successor in interest to GulfSouth. *See* 12 U.S.C. § 1821.

In this capacity, FDIC filed suit in this court against Amos for defaulting on the Note. *See Federal Deposit Insurance Corporation v. Amos, et al.*, 3:12-cv-00548-MCR-EMT. On February 8, 2016, the jury in that case returned a verdict finding that Amos owed FDIC, as Receiver for GulfSouth, two hundred and thirty nine thousand, five hundred and fifty eight dollars, and three cents ($239,558.03) under the Note. *Id.*, at ECF No. 475.

On April 18, 2016, FDIC filed the Complaint in the instant case alleging, among other things, that Story is obligated to pay FDIC all "sums which are due and

owing by Amos to [FDIC] under the Amos Note" and the previously rendered judgment, as well as "attorney['s] fees and expenses associated with the enforcement of the Story Guaranty." ECF No. 1 at 6. David Ohlrich, the FDIC custodian of the litigation files in this case, affirmed that, as of June 30, 2016, neither Amos nor Story had made any payments on the Note or Story Guarantee.[2]

## II. DISCUSSION

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, "shows that there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995).

A district court cannot grant summary judgment merely because the motion is unopposed. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.,* 363 F.3d 1099, 1101 (11th Cir.2004). Rather, the court must consider the merits of the motion and review all evidentiary materials submitted in support

---

[2] Story agreed, in his answer to the complaint filed on June 1, 2016, that he had not made any payments under the terms of the Story Guaranty.

thereof to ensure that the motion is well-supported and that there is no genuine issue of material fact. *Id.* at 1101–02. For purposes of appeal, the court must set forth sufficient facts in its order to "'indicate that the merits of the motion were addressed.'" *Id.* at 1102 (quoting *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988)).

    A. <u>Liability Under the Story Guaranty</u>

A guaranty such as the one here "is a collateral promise to answer for the debt or obligation of another." *FDIC v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985). Contract law applies guides the analysis of an alleged breach of a guaranty. *See Branch Banking & Trust Co. v. Navarre 33, Inc.*, 3:10cv10/MCR/EMT, 2012 WL 2377851, at *5 (N.D. Fla. May 21, 2012) ("Claims for breach of guarantees are straightforward state-law breach of contract claims." (internal marks omitted)), *R&R Adopted*, 3:10cv10/MCR/EMT, 2012 WL 2377817 (N.D. Fla. June 25, 2012). "The elements of a breach of contract are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). A material breach occurs when a party fails to perform an essential part of the contract. *See MDS (Canada) Inc. v. Rad Source Technologies, Inc.*, 720 F.3d 833, 849 (11th Cir. 2013) (quoting *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So.2d 853, 857 (Fla. 4th DCA 1972)). An obligor's failure to make a contractually required payment on time constitutes a material breach of the contract when "time

is of the essence." *Centurion Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). Time is of the essence when, among other scenarios, "the agreement explicitly so specifies." *Id.* Once there is a material breach, the non-breaching party is entitled to compensatory damages. *Dunkin' Donuts of America, Inc. v. Minerva, Inc.*, 956 F.2d 1566, 1571 (11th Cir. 1992).

Story has not challenged the validity of the Story Guaranty nor does the court find any defect immediately apparent in the contract. The Story Guaranty provided that Story will be in default in the event that he "fails to make any payment under this Guaranty or any other obligation to Lender when due (whether such amount is due at maturity, by acceleration, or otherwise)." ECF No. 1 at 29. According to the Guaranty, once default occurs, FDIC is entitled to "declare [Story's] Obligations under this Guaranty immediately due and payable in full [and] to collect the outstanding Obligations under this Guaranty with or without resorting to judicial process." *Id.* The Guaranty specifically establishes that "Guarantor and Lender agree that time is of the essence to the performance of any, and all, of the Guarantor's Obligations under this Guaranty." *Id.*

As discussed above, a federal jury found that Amos owed FDIC two hundred and thirty nine thousand, five hundred and fifty eight dollars, and three cents ($239,558.03) under the Note. As of June 30, 2016, Amos had not made any payments on the Note nor had Story made any payments on the Story Guaranty.

Story did not raise any affirmative defenses in his Answer to the Complaint. Thus, the undisputed material facts here establish that the Story Guaranty requires Story to pay Amos's debts under the Note, yet Story has failed to do so, which means he is in material breach of the Story Guaranty and required to answer for Amos's outstanding obligation on the Note. Furthermore, Amos's obligation on the Note has also accrued post judgment interest at the rate of .52% per year, which is equivalent to $3.41 per day. 28 U.S.C. § 1961; *see also G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985) (holding that the federal post judgment interest rate applies in diversity cases). The final judgment was entered, after an amendment by the court, on February 10, 2016. ECF No. 481. Because 261 days have passed between the entry of judgment on the Note and the date of this order, $890.01 has accrued in interest. Therefore, Story currently owes $240,448.04 on the Story Guaranty.

### B. Attorney's Fees

FDIC also requests attorney's costs and fees and has attached affidavits indicating the amount of costs and fees incurred by FDIC's counsel. Determination of the amount of fees, however, is not appropriate at this stage. "A party who seeks an award of attorney's fees must first move for a determination of the party's *entitlement* to a fee award and may move for a determination of the *amount* of an award only after the Court determines a party's entitlement to an award." N.D. Fla.

Loc. R. 54.1(A) (emphasis in original). The logic for this rule is underscored by the costs requested here. The Affidavit of Attorney's Fees claims fees for "future legal services to be rendered" including "[p]reparation of the motion for default judgment and attendance at the hearing on the motion for final default judgment." ECF No 17 at 5. There is no indication such a motion would be warranted with respect to Story. He has appeared and has filed a response to the motion for summary judgment. Beyond that, the court cannot speculate now regarding what fees and expenses will be incurred in the future. Thus, the court will treat the request for attorney's fees in the motion for summary judgment as a motion for entitlement to attorney's fees and any incorporated motion for determination of the award will be denied without prejudice.

In determining the entitlement to attorney's fees, "Florida conforms to the 'American Rule' under which attorney['s] fees are awarded only when permitted by statute or contract." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998). The Guaranty provides that "[t]o the extent permitted by law, [Story] agrees to pay Lender's reasonable fees and costs, including, but not limited to, fees and costs of attorneys . . . whether or not any attorney or agent is an employee of Lender, which are incurred by Lender in collecting any amount due or enforcing any right or remedy under this Agreement."

ECF No. 1 at 23. Therefore, the court agrees that FDIC is entitled to attorney's fees under the contract.

Pursuant to Local Rule 54.1, FDIC has fourteen (14) days after the entry of judgment against Story to file a motion for attorney's fees that it determines is necessary and proper.

For the foregoing reasons, FDIC's motion for summary judgment is **GRANTED** in part and **DENIED** in part, as follows:

1. The request for summary judgment as to Count II of the Complaint is granted.

2. FDIC is entitled to attorney's fees.

3. The request for a determination of the amount of the award of attorney's fees is denied, as premature.

The court finds no just reason for delay of entry of final judgment. Therefore, the Clerk will enter judgment in favor of FDIC and against Story on Count II of the Complaint with costs to be taxed against Story. The amount of attorney's fees will be decided by separate order.

**DONE** and **ORDERED** on this 28th day of October, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**